[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER
The motion to cite in an additional party is denied. CT Page 275 "[A]llowing a defendant to cite in a John Doe defendant . . . is violative of the spirit and intent of Tort Reform II as recently clarified by our Supreme Court in Donner v. Kearse,234 Conn. 660, 670, 662 A.2d 1269 (1995) . . ." (Alterations in original; internal quotation marks omitted.) Daily v. Lencyk, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 158194, 21 CONN. L. RPTR. 186 (Jan. 15, 1998, D'Andrea, J.).
"To allow the defendant to name a John Doe apportionment defendant would be an unjustified departure from the legislative intent of Tort Reform II because it would expand, rather than limit, the universe of negligence to non-particular, unidentifiable persons from whom the jury would then determine the percentage of responsibility for the plaintiff's injuries. Allowing such a practice would have the practical effect of converting Tort Reform II into the prior tested and rejected policies of Tort Reform I." (Internal quotation marks omitted.) Id.
"Therefore, the court finds that Tort Reform II requires a defendant to limit his choice of apportionment defendants to particular, identifiable persons who, after being actually served, become parties to the suit. A `John Doe' apportionment defendant can never fit into this class of persons, and therefore can never be a part of a legally sufficient apportionment complaint." (Internal quotation marks omitted.) Id., quotingCatalan v. Machnik Construction Co., Inc., Superior Court, judicial district of New London at New London, Docket No. 535192, 16 CONN. L. RPTR. 285 (Mar. 8, 1996, Austin, J.).
Since Connecticut law does not allow for apportionment of an unidentifiable person, the defendant's motion to cite in an additional party is hereby denied.
So Ordered.
D'ANDREA, J.